```
                                              ┌─────────────────────────┐
                                              │ USDC SDNY               │
                                              │ DOCUMENT                │
UNITED STATES DISTRICT COURT                  │ ELECTRONICALLY FILED    │
SOUTHERN DISTRICT OF NEW YORK                 │ DOC #: ___              │
------------------------------------X         │ DATE FILED MAY 3 0 2012 │
                                    :         └─────────────────────────┘
AHMED ELMETWALLY, et al.,           :
                        Plaintiffs, :
                                    :              12 Civ. 1907 (KBF)
            -v-                     :
                                    :                  ORDER
WEST VILLAGE OASIS. INC. d/b/a CASA LA :
FEMME, et al.,                      :
                        Defendants. :
                                    :
------------------------------------X
```

KATHERINE B. FORREST, District Judge:

This putative class action was brought under the FLSA and New York State labor laws.  The parties have now advised the Court that they have reached a settlement.

The FLSA imposes an obligation to pay unpaid overtime compensation and unpaid minimum wages and an additional equal amount as liquidated damages.  See 29 U.S.C. § 216(b).  In the event that a settlement does not require full payment of that amount, it must be scrutinized by the Court to ensure that it is fair.  See, e.g., Elliott v. Allstate Investigations, Inc., No. 07 Civ. 6078 (DLC), 2008 WL 728648 (S.D.N.Y. Mar. 19, 2008).

Moreover, the settlement of any class action must be judicially approved, even when settlement is reached before a class is certified.  The district court must review a class action settlement "to ensure its fairness, adequacy and reasonableness, and that it was not a product of collusion."

D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001).  "When
a settlement is negotiated prior to class certification, as is
the case here, it is subject to a higher degree of scrutiny in
assessing its fairness."  Id.  Fairness is assessed "by
examining the negotiating process leading up to the settlement
as well as the settlement's substantive terms."  Id.
Particularly, the court must determine "'whether the settling
plaintiff has used the class action for unfair personal
aggrandizement in the settlement, with prejudice to absent
putative class members.'"  Elliott, 2008 WL 728648, at *2
(quoting Shelton v. Pargo, Inc., 582 F.2d 1298, 1314 (4th Cir.
1978)).

Accordingly, it is hereby ORDERED that the parties submit
any proposed settlement agreement to the Court for its approval
no later than June 20, 2012.  The parties shall also on or
before that date make submissions in support of their
settlement, explaining why it should be approved based on the
factors set forth in D'Amato and the issues described in
Elliott.  With regard to the FLSA claims, such submissions shall
provide for each plaintiff (1) the amount of unpaid overtime
compensation and unpaid minimum wages claimed on his or her FLSA
claims; (2) the amount of the settlement consideration
attributable to the FLSA claims; and (3) any weaknesses,
strengths, uncertainties or other circumstances with regard to

2

the FLSA claims, or their prosecution, that affected the corresponding portion of the settlement consideration.

This action is conditionally discontinued pending either approval by the Court of the parties' proposed settlement or an application for reinstatement by plaintiffs, as set forth below.

If the parties have not reached a settlement agreement by June 20, 2012, plaintiffs shall apply by letter for reinstatement of this action.  Upon such application, defendants shall continue to be subject to the Court's jurisdiction, the Court shall promptly reinstate this action to its active docket and the parties shall be directed to appear before the Court, without the necessity of additional process, on a date within ten days of the application, to schedule remaining pretrial proceedings and/or dispositive motions, as appropriate.

The initial pretrial conference currently scheduled for May 30, 2012 is hereby adjourned but shall be rescheduled as set forth above in the event that plaintiffs notify the Court that the parties' settlement was not effectuated.

SO ORDERED:

Dated:    New York, New York
          May 29, 2012

                              K. B. For

                              KATHERINE B. FORREST
                              United States District Judge

3