USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 0 9 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
AHMED ELMETWALLY, et al.            :
                    Plaintiffs,     :
                                    :       12 Civ. 1907 (KBF)
          -v-                       :
                                    :       ORDER
WEST VILLAGE OASIS, INC., et al.    :
                                    :
                    Defendant.      :
                                    :
------------------------------------X

KATHERINE B. FORREST, District Judge:

By letter dated May 29, 2012, the parties in this putative, collective action informed the Court that they had reached a settlement.

When parties to an action, like this one, for unpaid minimum wages and overtime compensation under the Fair Labor Standards Act ("FLSA") reach a settlement that provides for payment of less than full statutory damages, Court approval of the settlement is required in the absence of direct supervision by the Secretary of Labor. See, e.g., D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 113 n.8 (1946); Manning v. New York Univ., No. 98 Civ. 3300, 2001 WL 963982, at *11-13 (S.D.N.Y. Aug. 22, 2001). The settlement of any putative class action must also be judicially approved "to ensure its fairness, adequacy and reasonableness, and that it was not a product of collusion." D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001). When

a class has not yet been certified, as here, a settlement is subject to a higher degree of scrutiny. Id. Fairness is assessed "by examining the negotiating process leading up to the settlement as well as the settlement's substantive terms." Id.

In light of the applicable law, the Court directed the parties to submit their proposed settlement agreement for judicial review and approval, as well as a joint letter explaining why that agreement is fair and should be approved. The parties submitted those materials on June 22, 2012.[1]

The Court has reviewed the terms of the proposed agreement and the joint letter. The latter sets forth the damages the parties agree plaintiffs could potentially recover on their primary claims if the case continued. Based on those potential damages and the amount to be paid in the settlement, it appears that plaintiffs will receive the full value of their FLSA causes of action and full liquidated damages as consideration for their claims. Even if that were not the case, however, the Court is satisfied that the terms of the proposed settlement are fair and reasonable.

"Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a

---

[1] Because the terms of the settlement are confidential, and defendants have indicated that confidentiality is a material part of the parties' agreement, the agreement will be filed under seal. See Medley v. Am. Cancer Soc'y, No. 10 Civ. 3214, 2010 WL 3000028, at *1 n.1 (S.D.N.Y. July 23, 2010).

reasonable compromise over contested issues, the court should approve the settlement." Johnson v. Brennan, No. 10 Civ. 4712 (CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). Here, the settlement was a product of bona fide litigation, in which defendants deny liability and have asserted various defenses that would have made recovery uncertain. The negotiation process - arms-length between experienced counsel - is also evidence of the agreement's fairness. See D'Amato, 236 F.3d at 85.

Accordingly, the parties' agreement is approved. The parties shall promptly finalize the execution of the agreement and file a stipulation of dismissal. In the interim, this action is conditionally discontinued, and the Clerk of Court is directed to close this case.

SO ORDERED:

Dated:   New York, New York
         July 9, 2012

                                    _____
                                    KATHERINE B. FORREST
                                    United States District Judge